**DISTRICT COUNCIL OF IRON WORK-
ERS OF THE STATE OF CALIFOR-
NIA AND VICINITY, AFL–CIO, on be-
half of itself, and on behalf of its affil-
iated Local Unions, Petitioner,**

v.

**SWINERTON & WALBERG,
INC., Respondent.**

**No. C–89–4411 SAW.**

United States District Court,
N.D. California.

Dec. 10, 1990.

Sandra Rae Benson, Van Bourg, Wein-
berg, Roger & Rosenfeld, San Francisco,
Cal., for petitioner.

John Skonberg, Littler, Mendelson, Fas-
tiff & Tichy, San Francisco, Cal., for re-
spondent.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

The District Council of Iron Workers of
the State of California and Vicinity ("Iron
Workers"), sues pursuant to the Labor
Management Relations Act § 301, 29
U.S.C. § 185, to compel arbitration of its
labor dispute with respondent employer.
In an order dated October 4, 1990, this
Court entered summary judgment in favor
of respondent, on the ground that an arbi-
trator's award of "payment-in-lieu" dam-
ages against respondent—the relief sought
by petitioner—would be inconsistent with
the National Labor Relations Board's
("NLRB") assignment of the disputed work
to a competing union, the Los Angeles
County District Council of Carpenters
("Carpenters").[1] Pursuant to Federal Rule
of Civil Procedure 59(e), petitioner moves
the Court to alter, amend, or vacate its
judgment.

In support of its motion, petitioner reit-
erates arguments rejected by the Court in
its previous order. However, further dis-
cussion is merited because of petitioner's
renewed heavy reliance upon certain sub-
contracting clause cases in which unions
have been permitted to seek payment-in-
lieu damages in the face of NLRB jurisdic-
tional rulings.

Petitioner contends that since it does not
seek a reassignment of work from the Car-
penters to the Iron Workers, an award of
damages by the arbitrator for the respon-
dent's alleged breach of the collective bar-
gaining agreement would not be inconsist-
ent with the NLRB's award of the work to
the Carpenters. Most courts have rejected
this argument. In *International Long-
shoremen's & Warehousemen's Union,
Local 32 v. Pacific Maritime Ass'n*, 773
F.2d 1012, 1016 (9th Cir.1985), *cert. denied*,
476 U.S. 1158, 106 S.Ct. 2277, 90 L.Ed.2d
720 (1986), the Ninth Circuit refused to

---

1. The NLRB made this work assignment pursu-
ant to Section 10(k) of the National Labor Rela-
tions Act. Its proceedings in this jurisdictional
dispute are covered in *International Ass'n of
Bridge, Structural & Ornamental Iron Workers
Local 433*, 298 N.L.R.B. No. 52 (1990).

enforce an award of payment-in-lieu damages in favor of the union that had not been awarded the contested work by the NLRB in a 10(k) proceeding. The court reasoned that "the union's attempt to obtain payment for work to which it is not entitled would, if successful, completely undermine the section 10(k) work assignment." *Id.* at 1015. *Accord International Union of Operating Engineers Local 714 v. Sullivan Transfer, Inc.,* 650 F.2d 669, 677 (5th Cir.1981); *International Union (UAW) v. Rockwell Int'l Corp.,* 619 F.2d 580, 584 (6th Cir.1980).

The cases cited by petitioner in support of its payment-in-lieu claim are inapposite. Each involves an employer who had violated a union signatory subcontracting clause in the collective bargaining agreement between itself and the union by hiring a subcontractor who had no contract with the union. For example, in *Associated General Contractors, Inc. v. International Union of Operating Engineers Local 701,* 529 F.2d 1395 (9th Cir.), *cert. denied,* 429 U.S. 822, 97 S.Ct. 72, 50 L.Ed.2d 84 (1976), the Ninth Circuit permitted the petitioning union to seek damages from the employer for breach of the union signatory subcontracting clause.[2] In *Pacific Maritime Ass'n,* the court found *Associated General Contractors* distinguishable because the arbitrator's award to the union in that case did not necessarily conflict with the NLRB's work assignment. The employer in *Associated General Contractors* could simply have refused to subcontract with a nonsignatory subcontractor and thereby complied with both the NLRB's work assignment and the collective bargaining agreement. *Pacific Maritime Ass'n,* 773 F.2d at 1017.

By contrast, in both the instant case and in *Pacific Maritime Ass'n,* the NLRB's work assignment to the Carpenters was *unconditional,* and the duty to comply with that award ran to the general contractor—in this case, respondent Swinerton & Walberg. Regardless of the identity of the subcontractor, after the NLRB proceedings, the respondent *had* to assign the disputed work to the Carpenters. Even if respondent were to hire a *new* subcontractor who had a contract with Iron Workers, the NLRB ruling would nonetheless have compelled respondent to continue to enlist the Carpenters' work, rather than that of the Iron Workers.

Hence an arbitration award of damages in favor of petitioner would place respondent "between the devil and the deep blue." *Associated General Contractors,* 529 F.2d at 1397 (citation omitted). If petitioner prevailed at arbitration, respondent would be "faced with the choice of violating an NLRB order or paying damages." *See id.* Such a result would violate congressional intent by penalizing respondent for complying with the NLRB's work assignment. The supremacy doctrine mandates that this Court refuse to order arbitration of a claim inconsistent with the NLRB's Section 10(k) work assignment.

Aside from the conflict inherent in the monetary relief sought by petitioner at arbitration and the NLRB work assignment, petitioner contorts the history of this case in its attempt to transform it into a subcontracting clause dispute. The fact of the matter is that the grievance for which petitioner seeks arbitration alleges violation of Section 30(C) of the collective bargaining agreement—the "jurisdictional disputes" section of the contract. The grievance makes no mention of an alleged violation of the subcontracting clause of the contract. Similarly, Iron Workers' petition to compel arbitration makes no claim that respondent breached the agreement's subcontracting clause by hiring Industrial Noise Corp., a nonsignatory subcontractor.

Finally, petitioner's continued reliance on the Ninth Circuit's recent decision in *Van Waters & Rogers Inc. v. International Brotherhood of Teamsters Local Union 70,* 913 F.2d 736 (9th Cir.1990) is misplaced. In *Van Waters,* there was no prior NLRB ruling with which the upheld arbitration award could conflict. In fact, the court

---

**2.** *See also International Ass'n of Bridge, Structural & Ornamental Iron Workers, Local 3 (Spancrete Northeast),* 298 N.L.R.B. No. 114 (1990); *Building, Concrete, Excavating & Common Laborers Local 731 (Slattery Associates),* 298 N.L.R.B. No. 111 (1990).

drew a careful distinction between those instances in which it is contended that an arbitration award is invalid because "repugnant to the NLRA," as in *Van Waters,* and those in which it is contended that an award is void because inconsistent with a prior NLRB ruling. *Id.* at 743 n. 1.

Finally, petitioner's continued reliance on the Ninth Circuit's recent decision in *Van Waters & Rogers Inc. v. International Brotherhood of Teamsters Local Union 70,* 913 F.2d 736 (9th Cir.1990) is misplaced. In *Van Waters,* there was no prior NLRB ruling with which the upheld arbitration award could conflict. In fact, the court drew a careful distinction between those instances in which it is contended that an arbitration award is invalid because "repugnant to the NLRA," as in *Van Waters,* and those in which it is contended that an award is void because inconsistent with a prior NLRB ruling. *Id.* at 743 n. 1.

Accordingly,

IT IS HEREBY ORDERED that petitioner's motion to alter, amend, or vacate the Court's October 4, 1990 judgment is DENIED.